4/27/2020 12:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42552865
By: Carolina Salgado
Filed: 4/27/2020 12:53 PM

Cause No. _____

| | |
|---|---|
| DEBANY RIVERA, Individually and as Heir to the Estate of Juan Javier Martinez, Jr., Deceased; and JUAN JAVIER MARTINEZ, SR. | IN THE DISTRICT COURT OF |
| *Plaintiffs* | |
| v. | HARRIS COUNTY, TEXAS |
| CITY OF PASADENA; PASADENA INDEPENDENT SCHOOL DISTRICT; LONNIE SMITH, II; ZACHARY MABES; JESUS PAZ; JOSEPH LOCKMONDY; MARK HARDIN; DONNA WRIGHT; PAUL BENNETT; and [FNU] DOVER | |
| *Defendants* | _____ JUDICIAL DISTRICT |

# PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Debany Rivera, in her individual capacity and as heir to the estate of

Juan Javier Martinez, Jr., Deceased, and Juan Javier Martinez, Sr.,

plaintiffs, file this original petition complaining of the City of Pasadena,

Pasadena Independent School District, Lonnie Smith, II, Zachary Mabes,

Certified Document Number: 90370795 - Page 1 of 22

1

Jesus Paz, Joseph Lockmondy, Mark Hardin, Donna Wright, Paul Bennett, and [FNU] [1] Dover, defendants, and would show the following:

## I.   DISCOVERY

1.   Plaintiffs intend that discovery be conducted under Level 3 and request the issuance of a discovery control plan.

2.   Each Defendant is requested to disclose, within fifty (50) days of service of this request, the information and materials described in Rule 194.2.

## II.   PARTIES

3.   Plaintiff Debany Rivera ("Debany") is an individual residing in Harris County, Texas. She is the surviving spouse of Juan Javier Martinez, Jr.

4.   Plaintiff Juan Javier Martinez, Sr., is an individual residing in Harris County, Texas. He is the surviving father of Juan Javier Martinez, Jr.

5.   Decedent Juan Javier Martinez, Jr. ("Javier" or "Decedent") died as a result of the injuries caused by Defendants, which are the subject of this lawsuit, on April 28, 2018. Javier died intestate, and was survived by his wife, Debany, and his father, Juan Javier Martinez, Sr. Javier had no children or descendants. Debany is Javier's sole heir at law. There has been no administration of Javier's estate, nor is one necessary. Plaintiffs bring

---

[1] [FNU] means "first name unknown." As described below, Plaintiffs do not know the first names of this defendant but provide sufficient information to allow them to be identified.

Certified Document Number: 90370795 - Page 2 of 22

this suit in their individual capacities as Javier's wrongful death beneficiaries, and Debany also brings this suit in her capacity as Javier's sole heir at law.

6.      Defendant City of Pasadena ("the City") is a municipality in Harris County, Texas. It may be served with citation by personal delivery to its mayor, Jeff A. Wagner, or its city secretary, Linda Rorick, at 1149 Ellsworth Dr., Pasadena, Texas 77506.

7.      Defendant Pasadena Independent School District ("PISD") is a school district in Harris County, Texas. It may be served with citation by personal delivery to its superintendent, DeeAnn Powell, or the president of the school board, Marshall Kendrick, at 1515 Cherrybrook Lane, Pasadena, Texas 77502.

8.      Defendant Lonnie Smith II ("Officer Smith") is an individual residing in Harris County, Texas and, on information and belief, is or was a sworn officer of the Pasadena Independent School District Police. He may be served with citation at his usual place of business, 1515 Cherrybrook Lane, Pasadena, Texas 77502, or wherever he may be found.

9.      Defendant Zachary Mabes ("Officer Mabes") is an individual residing in Harris County, Texas and, on information and belief, is or was a sworn officer of the Pasadena Police Department. He may be served with citation

Certified Document Number: 90370795 - Page 3 of 22

at his usual place of business, 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.

10.     Defendant Jesus Paz ("Officer Paz") is an individual residing in Harris County, Texas, and, on information and belief, is or was a sworn officer of the Pasadena Police Department. He may be served with citation at his usual place of business, 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.

11.     Defendant Joseph Lockmondy ("Officer Lockmondy") is an individual residing in Harris County, Texas and, on information and belief, is or was a sworn officer of the Pasadena Police Department. He may be served with citation at his usual place of business, 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.

12.     Defendant Mark Hardin ("Officer Hardin") is an individual residing in Harris County, Texas and, on information and belief, is or was a sworn officer of the Pasadena Police Department. He may be served with citation at his usual place of business, 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.

13.     Defendant Donna Wright ("Officer Wright") is an individual residing in Harris County, Texas and, on information and belief, is or was a sworn officer of the Pasadena Police Department. She may be served with citation

Certified Document Number: 90370795 - Page 4 of 22

4

at his usual place of business, 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.

14.     Defendant Paul Bennett ("Officer Bennett") is an individual residing in Harris County, Texas and, on information and belief, is or was a sworn officer of the Pasadena Police Department. He may be served with citation at his usual place of business, 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.

15.     Defendant [FNU] Dover ("Officer Dover") is an individual residing in Harris County, Texas and, on information and belief, is or was a sworn officer of the Pasadena Police Department. Plaintiffs have been unable to ascertain Officer Dover's first name despite their diligent efforts. However, the Pasadena Police Department has confirmed that he is their only officer with the last name "Dover." Officer Dover may be served with citation at his usual place of business, 1201 Davis St., Pasadena, Texas 77506, or wherever he may be found.

16.     Officers Smith, Mabes, Paz, Lockmondy, Hardin, Wright, Bennett, and Dover are collectively referred to as the "Defendant Officers."

17.     Plaintiffs have attempted, diligently but unsuccessfully, to ascertain the first name of Defendant Dover. Each of them is known to be a sworn officer of the Pasadena Police Department and, on information and belief, no other officer of the department shares their last names. Plaintiffs have

Certified Document Number: 90370795 - Page 5 of 22

made both informal requests and formal requests under the Texas Public Information Act to the City of Pasadena in order to ascertain he full names of the officers involved in the incident described below, but the City has refused to provide this information other than confirming that the last name of Officer Dover is accurate and that there is only one Officer Dover at the department. Plaintiffs, through independent investigation, have been able to ascertain the probable first names of all but one, Officer Dover. The last name and employment of this Defendant is sufficient to identify him and give them notice of this lawsuit. Moreover, a "civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned." *Gage v. Unknown Dallas Police Officer*, 2011 U.S. Dist. LEXIS 136906 (N.D. Tex. 2011) (citing *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n.2 (1971)). Plaintiffs will substitute the true name of this Defendant pursuant to TEX. R. CIV. P. 28 or other applicable law when it becomes known.

### III.   JURISDICTION AND VENUE

18.    This court has subject matter jurisdiction over this controversy under the general grant of jurisdiction to district courts under the Texas Constitution, because no other court has exclusive jurisdiction and because the amount in controversy is greater than the jurisdictional minimum. Additionally, this Court has subject-matter jurisdiction because state-law

Certified Document Number: 90370795 - Page 6 of 22

defenses of sovereign immunity are not available in this action under 42 U.S.C. § 1983.

19.    This court has general personal jurisdiction over Defendants because they are residents of or political subdivisions of the State of Texas.

20.    Venue is proper in Harris County because it is the county of Defendants' residences and principal offices and because it is the county where all or a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred.

## IV.   FACTS

21.    On April 27, 2018, at or near 6:00 A.M., Javier was with, Guido Capello, in Strawberry Park, located at 1104 Parkside Drive, Pasadena, Harris County, Texas 77504. Javier attempted to calm Guido, who was emotionally upset, and Javier was attempting to get him to return to his house.

22.    At approximately, 6:49 am, Officer Paz of the Pasadena Police Department ("PDP") arrived near Strawberry Park and approached Javier and Guido.  Upon the approach of the officer, Javier was cooperative, but questioned the reason for the officer's presence.  The officers, at that time, questioned Guido and advised Javier to step away from them. During this time, the other Defendant Officers arrived at the location.

7

23.     A few minutes passed and officers began to place Guido in handcuffs. Javier, at that time, was speaking with one of the Defendant Officers. Javier made no aggressive movement toward any officer and, further, had not violated any law or been accused of violation of any law.

24.     Suddenly and without warning, reason, or provocation, the officer to whom Javier was speaking forcefully grabbed Javier and forced him to the ground.   Immediately after Javier was on the ground, the Defendant Officers began to shout at Javier, physically strike him with hands and feet, and place their bodyweight on top of him.

25.     The Defendant Officers continued this behavior for a period of time. At some point, one or more of the Defendant Officers unholstered a "PhaZZer" Conducted Energy Weapon and fired it into Javier, who was still on the ground, and subjected his body to up to 55,000 Volts of electricity. The Defendant Officers discharged the PhaZZers into Javier's body several times.

26.     After suffering the physical strikes and electrical shocks, Javier began to crawl away and then was able to stand. He began to walk away from Defendant Officers.   As Javier walked away, another Defendant Officer approached Javier and discharged an OC spray device into Javier's face. Javier continued to walk.  He had only walked a short distance further when another Defendant Officer approached from behind and forcefully

Certified Document Number: 90370795 - Page 8 of 22

grabbed Javier around his neck and shoulder.  The Defendant Officer then spun Javier and slung him to the ground again, slamming Javier's head into the ground.

27.    After Javier was slammed to the ground again, several Defendant Officers pushed Javier down into the ground by placing their weight on him. During this time Defendant Officers were again striking Javier with their fists and kicking Javier with boots on his head and body.  One Defendant Officer specifically stated that he was going to kick Javier shortly before he kicked Javier with his boot.  These actions went on for a period of time. At some point, Javier was handcuffed. Further, Javier had at least one seizure at this time. After this point, Javier never regained his mobility or mentation again.

28.    The Defendant Officers called emergency medical services to the scene.  During the time before arrival of Emergency Medical Services and while Javier was handcuffed, the Defendant Officers offered no medical assistance to Javier nor did they attempt to remove the CS residue from his face. At some point, Javier asked for water and was denied.  In fact, they openly exhibited a callous disregard for Javier's wellbeing.

29.    Javier was taken to Bayshore Hospital by ambulance, where, approximately twenty hours later, Javier died as a result of the he injuries

Certified Document Number: 90370795 - Page 9 of 22

he sustained at the hands of the Defendant Officers.  Javier was twenty-two years old.

30.     Some or all of the Defendant Officers struck, kicked, and threw Javier, discharged their PhaZZer CEW's into him, and sprayed him with OC spray, despite the fact that he did not threaten, attack, or resist the Defendant Officers, was never a threat to the Defendant Officers at the time of the conduct. The Defendant Officers had no reason to attempt to arrest Javier, nor did they ever arrest Javier. It does not appear that the Defendant Officers even suspected Javier of any crime. The Defendant Officers' conduct violated the Fourth and Fourteenth Amendments to the United States Constitution.

31.     The force initiated by and/or the failure to intervene in the use of said force, by some or all of the Defendant Officers caused an unreasonable seizure to Javier.

32.     Javier did not obstruct justice or resist arrest, nor did he batter or assault any of the Defendant Officers.

33.     On April 27, 2018, at the time of the incident, Javier did not commit any act contrary to the law.

34.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers suffered injury and tragically died.

Certified Document Number: 90370795 - Page 10 of 22

35.     On or about April 27, 2018, the Defendant Officers were on duty at all times relevant to this Petition. Officers Mabes, Paz, Lockmondy, Hardy, Wright, Bennett, and Dover were sworn peace officers employed by the City of Pasadena and the Pasadena Police Department. Officer Smith was a sworn peace officer employed by Pasadena Independent School District. The Defendant Officers engaged in the conduct complained of herein, on said date, in the course and scope of employment and while on duty.

36.     The conduct of the Defendant Officers and Javier's death were the result of policies and customs of the PDP and PISD, adopted and promulgated by the governing officers of those bodies. Both PDP and PISD have exhibited a pattern of similar excessive force incidents, including incidents resulting in death, with at least the acquiescence of PDP's and PISD's policymakers. These policies and customs were in full display on April 27, 2018, with even experienced, senior officers of PDP and PISD participating in the unprovoked and unjustified beating of Javier and the subsequent callous disregard exhibited for Javier's wellbeing.

37.     Additionally, the conduct of the Defendant Officers and Javier's death were the result of PDP's and PISD's failure to train the Defendant Officers in the use of force, including both when and to what degree to employ it, in the employment of "less lethal" weapons like the PhaZZer, and in the management of situations such as the one encountered by the Defendant

Certified Document Number: 90370795 - Page 11 of 22

Officers. Deaths resulting from techniques used by the Defendant Officers, such as slamming Javier's head into the ground, are well-documented, as are deaths resulting from CEWs like the PhaZZer. It was a highly predictable consequence of PDP's and PISD's failure to train that a person like Javier could be severely injured or killed by PDP's and PISD's officers, and that is exactly what occurred here.

## V.   CAUSES OF ACTION

### Count 1—42 U.S.C. § 1983, Excessive Force

38.   At all times relevant to this Petition, the Defendant Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the City and PISD. The Defendant Officers were also acting in concert with one another.

39.   The actions and/or omissions of the Defendant Officers described above amounted to an unjustified and excessive use of force against Javier.

40.   By unjustifiably and unreasonably handcuffing, detaining, arresting, striking, kicking, lacing their body weight upon, electrocuting, spraying with OC spray and throwing him to the ground, the Defendant Officers violated Javier's rights to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution in multiple ways, including:

12

Certified Document Number: 90370795 - Page 12 of 22

a. By using excessive and deadly force in the course of Defendants' attempt to seize and the seizure of Javier, in violation of the Fourth Amendment and its reasonableness standard. Javier was unlawfully arrested, beaten, and subjected to the unnecessary use of weapons such as the PhaZZer CEW and OC spray. The Defendant Officers employed force that was clearly excessive to the need, and was objectively and subjectively unreasonable;

b. By unnecessarily striking, kicking, tasing, using pepper spray and dragging and throwing Javier to the ground;

c. By failing to provide timely medical attention and preventing same from being timely rendered, where it was clearly necessary and required by law; and

d. By failing to provide supervision and/or proper training to prevent such incidents of excessive force.

41. Defendants the City and PISD are liable for the constitutional torts of Defendant Officers because Defendants the City and PISD sanctioned customs, practices, and policies, including, but not limited to:

a. Using excessive force, to carry out otherwise routine arrests or stops;

b. Using excessive force when such force is not necessary or permitted by law;

13

Certified Document Number: 90370795 - Page 13 of 22

c. Ignoring the serious need for training and supervision of its officers in regard to the use of force;

d. Failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control;

e. Failing to adequately supervise and/or observe its officers;

f. Failing to adequately train officers regarding the availability of alternative means of detaining persons other than the use of force or deadly force.

g. Failing to adequately train officers regarding the use of "less lethal" weapons like the PhaZZer CEW;

h. Failing to adequately train officers regarding the use of physical force to restrain a subject without injuring him;

i. Failing to discharge officers who have shown a pattern or practice of using excessive force;

j. Failing to adopt and enforce appropriate procedures for use of force,

k. Adopting a practice whereby officers who are unfit for peace officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

14

42.     The conduct of Defendants described above proximately caused the injuries to and death of Javier and the violation of his civil rights. Plaintiffs seek damages within the jurisdictional limitations of this court.

### Count 2—42 U.S.C. § 1983, False Arrest

43.     On the morning of April 27, 2018, the Defendant Officers handcuffed, detained, and beat Javier without probable cause to believe that Javier had committed a criminal offense.

44.      Therefore, the conduct of the Defendant Officers was in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

45.     Defendant Officers' conduct, and the unlawful detention of Javier, were the result of the policies and customs of the City and PISD as described above, and by the City's and PISD's failure to train its officers as described above.

46.     The aforementioned actions of Defendants were a direct and proximate cause of the constitutional violations, injuries, and/or death of Javier and damages suffered by Plaintiffs, as set forth more fully below.

47.     The conduct of Defendants described above proximately caused the injuries to and death of Javier and the violation of his civil rights. Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

Certified Document Number: 90370795 - Page 15 of 22

### Count 3—42 U.S.C. § 1983, Civil Conspiracy

48.   At the time of Javier's injuries, a meeting of the minds occurred between all individual Defendant Officers

49.   The Defendant Officers conspired with the purpose of unlawfully detaining, arresting, using force against Javier without legal justification, thereby violating Javier's rights under the United States Constitution.

50.   Specifically, the Defendants conspired to violate Javier's constitutional rights in the following manner:

  a.  Defendant Officers agreed to detain, arrest and cause injury to Javier intentionally, without consent, without justification and without adequate monitoring.

  b.  Defendant Officers agreed to hold Javier on the ground, Defendant Officers permitted and assisted the Defendant Officers as they hit, struck, kicked, electrocuted Javier and threw him to the ground.

  c.  Defendant Officers generated false documentation to cover-up for their own and each other's misconduct, including, but not limited to, one officer compiling a single report for this incident.

  d.  Defendant Officers committed overt acts in furtherance of the above conspiracy by communicating among themselves on April 27, 2018, and for a period of time thereafter, whereby the individual defendants agreed to facilitate, engage in and support

16

Certified Document Number: 90370795 - Page 16 of 22

the activity which occurred in connection with the allegations immediately above. The Defendant Officers also committed overt acts in furtherance of the conspiracy by completing the agreed upon actions as described above.

51.    As a result of this conspiracy, the Defendant Officers, by and through their conduct, proximately caused the death of Javier.

52.    The actions of the Defendant Officers further demonstrate that the Defendant Officers failed in their duty to enforce the laws equally and fairly towards Javier.

53.    The aforementioned actions of Defendant Officers were a direct and proximate cause of the constitutional violations, injuries, and/or death of Javier and damages suffered by Plaintiffs, as set forth more fully below.

54.    The conduct of Defendants described above proximately caused the injuries to and death of Javier and the violation of his civil rights. Plaintiffs seek damages within the jurisdictional limitations of this court.

### *Count 4—42 U.S.C. § 1983, Deliberate Indifference*

55.    On the morning of April 27, 2018, Javier was placed under the control and custody of the Defendant Officers. During this period of time, he was struck and kicked until he was unresponsive and undergoing seizures.

56.    At this point, the Defendant Officers knew that Javier was at serious risk to his physical health and welfare.

Certified Document Number: 90370795 - Page 17 of 22

57.     The Defendant Officers did not check his vitals or any other measure of his physical condition. The Defendant Officers did not inform or instruct the paramedics or any other medical personnel to check on Javier's physical condition.

58.     Instead of assisting Javier, one or more of the Defendant Officers put his bodyweight on Javier and pressed Javier into the ground. During this time Javier did not move his body and was completely unresponsive.

59.     Instead of assisting Javier, one or more of the Defendant Officers, stood nearby and took no action.

60.     The aforementioned actions of Defendant Officers were a direct and proximate cause of the constitutional violations, injuries, and/or death of Javier and damages suffered by Plaintiffs as set forth more fully below.

61.     Therefore, the Defendant Officers' conduct violated Javier's rights under the Fourth Amendment of the United States Constitution.

62.     Plaintiffs seek unliquidated damages within the jurisdictional limitations of this court.

## VI.   DAMAGES AND REMEDIES

63.     As detailed above, Plaintiffs requests that they have judgment against Defendants for actual damages for the wrongful death of Javier, including but not limited to:

Certified Document Number: 90370795 - Page 18 of 22

a.   Loss of contribution of a pecuniary value that they would have received from Javier, had he lived;

b.   Loss of companionship and society that they would have enjoyed with Javier, had he lived;

c.   Mental anguish and grief due to Javier's death;

e.   Loss of inheritance that they would have received from Javier, had he lived;

64.   Additionally, Plaintiff Debany Rivera requests that she have judgment in her capacity as the heir of Javier for damages suffered by Javier, including but not limited to:

a.   Reasonable and necessary medical expenses;

b.   Earning capacity lost both prior to his death;

c.   Earning capacity Javier would have enjoyed had he lived;

e.   Pain and mental anguish;

f.   Physical impairment;

g.   Physical disfigurement;

h.   Compensation for the unlawful arrest and detention of Javier; and

i.   Reasonable funeral and burial expenses.

65.   Additionally, Plaintiffs request attorney's fees and expert fees pursuant to 42 U.S.C. § 1988(b) and (c).

19

66.     Pursuant to Rule 47(c), Plaintiffs state that they seek monetary relief over $1,000,000.00. This statement is made to provide information regarding the nature of Plaintiffs' claims as required by Rule 47(c), and is made without prejudice to Plaintiffs' rights and subject to Plaintiffs' right to amend.

## VII. Conditions Precedent

67.     All conditions precedent to Plaintiffs' rights to recovery have occurred or have been fulfilled.

## VIII. Preservation of Evidence

68.     Plaintiffs hereby request and demand that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to statements, photographs, videotapes, audiotapes, recordings, business or medical records, bills, estimates, invoices, checks, measurements, equipment, vehicles, correspondence, memoranda, files, facsimiles, email, voice-mail, text messages, or cellular telephone records. Failure to maintain such items will constitute "spoliation" of the evidence and may subject Defendants to sanctions.

Certified Document Number: 90370795 - Page 20 of 22

## IX.   Prayer

69.   For the reasons stated above, Plaintiffs Debany Rivera, in her individual capacity and as heir to the estate of Juan Javier Martinez, Jr., Deceased, and Juan Javier Martinez, Sr., respectfully request that Defendants City of Pasadena, Pasadena Independent School District, Lonnie Smith, II, Zachary Mabes, Jesus Paz, Joseph Lockmondy, Mark Hardin, Donna Wright, Paul Bennett, and [FNU] Dover, be duly cited to appear and answer herein, and that Plaintiffs have and recover of Defendants judgment for actual damages, attorney's fees, expert fees, pre- and post-judgment interest, costs of court, and such other and further relief to which he may be entitled at law or in equity.

Respectfully Submitted,

GABEL LAW PLLC

*/s/ Christopher Gabel*
**Christopher Gabel**
State Bar No. 24089408
720 Rusk St.
Houston, Texas 77002-2713
chris@gabellawpllc.com
Telephone: 713-429-4477
Facsimile: 713-429-5546

ROBERT G. TAYLOR, II, P.C.

*/s/ Robert G. Taylor, III (Trey)*
**Robert G. Taylor, III (Trey)**
State Bar No. 19721100
2040 North Loop West, Suite 104
Houston, Texas 77018
ttaylor@rgtaylorlaw.com
Telephone: 713-654-7799
Facsimile: 713-654-7814

HUMPHREY LAW PLLC

*/s/ Brian Humphrey*
**Brian Humphrey**
State Bar No. 24074456
TC Energy Center
700 Louisiana, Suite 3950
Houston, Texas 77002
brian@htx-law.com.com
Telephone: 713-364-2616
Facsimile: 832-827-3299
***Attorneys for Plaintiffs***



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 12, 2020

Certified Document Number:        90370795 Total Pages:  22

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**