IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBANY RIVERA, individually | § | |
| and as Heir to the Estate of Juan | § | |
| Martinez, Jr., Deceased; and JUAN | § | |
| JAVIER MARTINEZ, SR. | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | C.A. No. 4:20-cv-01881 |
| | § | Jury |
| CITY OF PASADENA; PASADENA | § | |
| INDEPENDENT SCHOOL DISTRICT; | § | |
| LONNIE SMITH, II; ZACHARY MABES, | § | |
| JESUS PAZ; JOSEPH LOCKMONDY; | § | |
| MARK HARDIN; DONNA WRIGHT; | § | |
| PAUL BENNETT; and [FNU] DOVER | § | |
| *Defendants* | § | |

DEFENDANT CITY OF PASADENA, TEXAS',
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant City of Pasadena, Texas, moves the Court, under FED. R. CIV. P. 12(b)(6), to dismiss Plaintiffs' claims against the City due to Plaintiffs' failure to state a claim upon which relief may be granted in favor of the City. The City would show dismissal is appropriate for the follow reasons:

TABLE OF CONTENTS

Table of Contents ..................................................................................................... ii

Table of Authorities ................................................................................................. iii

Nature and Stage of the Proceeding ......................................................................... 1

Issue to be Ruled on By the Court Table Of Contents ............................................. 1

Summary of the Argument ....................................................................................... 1

Arguments and Authorities ...................................................................................... 1

I.      Plaintiffs failed to satisfy the standard required to state a claim for relief. ........................ 1

II.     Plaintiffs' factual allegations fail to show a claim against the City ..................................... 3

III.    Plaintiffs' factual allegations fail to show an unconstitutional policy. ................................ 4

IV.     The isolated alleged deprivation Plaintiffs claim is not based on an identified
        unconstitutional City policy. ................................................................................. 6

V.      Plaintiffs' factual allegations fail to identify a constitutionally deficient police
        training policy. ..................................................................................................... 7

VI.     Plaintiffs' factual allegations fail to show the City has a constitutionally deficient
        police supervision policy. ................................................................................... 10

VII.    Plaintiffs' factual allegations fail to show that the City's policymaker is culpable
        for any claimed deprivation. ............................................................................... 11

VIII.   Plaintiffs' factual allegations fail to show that a City policy was the moving force
        that caused a deprivation of Juan Martinez, Jr.'s rights. ...................................... 12

Conclusion and Prayer ............................................................................................ 13

Certificate of Service .............................................................................................. 14

TABLE OF AUTHORITIES

**Cases**

*Baker v. Putnal*,
    75 F.3d 190 (5th Cir. 1996) ................................................................ 10

*Benavides v. County of Wilson*,
    955 F.2d 968 (5th Cir. 1992) ............................................................ 8, 10

*Bennett v. City of Slidell*,
    728 F.2d 762 (5th Cir.), *cert. denied*, 472 U.S. 1016 (1985)................. 4

*Board of County Commissioners of Bryan County v. Brown*,
    520 U.S. 397, 117 S. Ct. 1382 (1997)............................................. 11, 12

*Estate of Davis v. North Richland Hills*,
    406 F.3d 375 (5th Cir. 2005) .............................................................. 10

*Estate of Davis v. Troy*,
    406 F.3d 375 (5th Cir. 2005) .............................................................. 12

*James v. Harris County*,
    577 F.3d 612 (5th Cir. 2009) .............................................................. 12

*O'Neal v. City of San Antonio*,
    344 Fed. Appx. 885 (5th Cir. 2009)..................................................... 10

*Oklahoma City v. Tuttle*,
    471 U.S. 808, 105 S. Ct. 2427 (1985).................................................... 7

*Pineda v. City of Houston*,
    291 F.3d 325 (5th Cir. 2002) ................................................................ 8

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) .......................................................... 6, 12

*Smith v. Brenoettsy*,
    158 F.3d 908 (5th Cir. 1998) .............................................................. 10

*Thompson v. Upshur County*,
    245 F.3d 447 (5th Cir. 2001) .............................................................. 10

*Webster v. City of Houston*,
    735 F.2d 838 (5th Cir. 1984) ................................................................ 6

*Zarnow v. City of Wichita Falls*,
    614 F.3d 161 (5th Cir. 2010) ................................................................ 7

## NATURE AND STAGE OF THE PROCEEDING

1.      Plaintiffs filed suit in a Texas state court and Defendants removed the case that raises a federal question to this Court. The factual allegations in Plaintiffs' complaint fail to state a claim for relief against the City, so the City moves the Court under FED. R. CIV. P. 12(b)(6), for dismissal of the claims brought against the City.

## ISSUE TO BE RULED ON BY THE COURT TABLE OF CONTENTS

2.      Whether the factual allegations in Plaintiffs' complaint state a claim for which relief may be granted against the City.

## SUMMARY OF THE ARGUMENT

3.      Plaintiffs allege police officers employed by the City of Pasadena and the Pasadena Independent School District arrested decedent Juan Martinez. Jr. and officers used excessive force in doing so. Plaintiffs' fail, however, to allege facts which show a plausible claim for relief against the City. Plaintiffs' allegations do not show the City has any unconstitutional policy, that the City's policymaker was deliberately indifferent, or that any City policy was the moving force that cause a deprivation of Martinez, Jr.'s rights. Accordingly, Plaintiffs failed to allege facts which state a plausible claim for relief against the City so the Court should dismiss the claims asserted against the City.

## ARGUMENTS AND AUTHORITIES

**I.      Plaintiffs failed to satisfy the standard required to state a claim for relief.**

4.      Plaintiffs "complain[] [they are] entitled to relief. But [Plaintiffs'] complaint does not show it." *Shaw v. Villanueva*, 918 F.3d 14, 415 (5th Cir. 2019). The pleading

requirements of the Federal Rules of Civil Procedure are real and the threshold for stating

a claim for relief requires factual allegations regarding each material element necessary to

sustain recovery under an actionable legal theory. *Dartmouth Review v. Dartmouth*

*College*, 889 F.2d 13, 16 (1st Cir. 1989). To state a claim, a "complaint must allege 'more

than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of

action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). To state a

claim for relief, a complaint must identify factual and legal grounds which could entitle

the Plaintiff to relief against each Defendant sued. *Cuviller v. Taylor*, 503 F.3d 397, 401

(5th Cir. 2007).

5.      "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570.

> Determining whether a complaint states a plausible claim for relief will, [],
> be a context-specific task that requires the reviewing court to draw on its
> judicial experience and common sense. But where the well-pleaded facts do
> not permit the court to infer more than the mere possibility of misconduct,
> the complaint has alleged – but it has not "shown" – "that the pleader is
> entitled to relief."

*Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted).

6.      "Thread-bare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id*. A court is not required to accept mere legal

conclusions as true, instead a complaint "must be supported by factual allegations." *Id*.

Merely listing generalized legal standards, without providing substantive factual matter to

support them, as Plaintiff has done in this case, does not state a claim. *See Vulcan Materials Co. v. City of Tehuaacana*, 238 F.3d 382, 387 (5th Cir. 2001).

7.      Even factual allegations in a complaint must "raise a right to relief above the speculative level." *Cuviller*, 503 F.3d at 401. The Court should not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). Plaintiffs failed to satisfy these standards necessary to state a claim against the City.

## II.     Plaintiffs' factual allegations fail to show any claim against the City

8.      Plaintiffs allege Juan Martinez, Jr. was in a Pasadena City park performing philanthropic service to aid his fellow man when police officers employed by the City of Pasadena and Pasadena Independent School District appeared in the park for no identified reason and allegedly accosted Martinez, Jr.. Plaintiffs claim that officers allegedly arrested Martinez, Jr. without probable cause, and officers allegedly used unreasonable force against Martinez, Jr. with a conducted energy weapon, pepper spray, and various assaultive actions. Plaintiffs claim officers did not provide medical care to Martinez, Jr. during the time emergency medical service personnel were responding to the scene of the arrest. Based on those allegations, Plaintiffs sued eight police officers asserting claims under the Fourth and Fourteenth Amendments. [Doc. 1, pp. 7-10, ¶¶ 21-34].

9.      Because Plaintiffs' factual allegations end there the City moves to dismiss Plaintiffs' against the City. Because Plaintiffs make only conclusory assertions against

3

the City in Doc. 1, pp. 11-15, ¶¶ 36-38, 40(d), 41-42, and 45-46 and Plaintiffs fail to allege *any* of the many specific *facts* necessary to state a claim under the *unique but dependent* basis for municipal liability under § 1983, Plaintiffs fail to state a claim for relief against the City *even if, arguendo,* they state a claim against any individual.

## III.   Plaintiffs' factual allegations fail to show any unconstitutional policy.

10.   Plaintiff's allegations, if ultimately proven, show a claim against one or more officers but Plaintiffs' factual allegations fail to identify *any* unconstitutional governmental policy that Plaintiff can show was the necessary "moving force" behind any such alleged unconstitutional conduct so as to subject the City to liability under the very different test for municipal liability for even an *actual* constitutional violation.

11.   Governmental employers "are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 560 U.S. 51, 60, 131 S. Ct. 1350, 1359 (2011). "The premise that the theory of respondeat superior does not apply in section 1983 actions brought against a municipality has become well entrenched in our jurisprudence." *Worsham v. Pasadena*, 881 F.2d 1336, 1339 (5th Cir. 1989). "[U]nder § 1983, local governments are responsible only for '*their own* illegal acts.'" *Connick*, 560 U.S. at 60. Thus, for the Plaintiffs to state a claim against the City, Plaintiffs must *allege facts* which plausibly show: (1) an unconstitutional governmental policy existed at the time of Martinez, Jr.s' arrest; (2) that a City policymaker knowingly created or tolerated the unconstitutional policy; and (3) that the policy was the moving force that actually caused a violation of Martinez, Jr.'s rights. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). "[*Board of the County*

*Commissioners of*] *Bryan County*[, *Oklahoma v. Brown*, 520 U.S. 397, 117 S. Ct. 1382 (1997)] underscores the need for *Monell* [*v. New York City Dept. of Social Servs*. 436 U.S. 658, 98 S. Ct. 2018 (1978)] plaintiffs to establish both the causal link ("moving force") and the city's degree of culpability ("deliberate indifference" to federally protected rights). *Snyder v. Trepagnier*, 142 F.3d 791 (5th Cir. 1998). Accordingly "[i]n addition to culpability, [the pleadings must identify] a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). It is crucial that the requirements of governmental culpability and governmental causation "not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability." *Piotrowski supra* (quoting *Snyder*, 142 F.3d at 798).

12.     To avoid dismissal of claims against a governmental entity for failure to state a claim under Section 1983, "[t]he [Plaintiffs'] description of a [governmental] policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; **it must contain specific facts**." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir.1997) (emphasis added). The Court is "not bound to accept as true a [Plaintiffs'] legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986).

13.     Plaintiffs fail to allege any fact that shows an unconstitutional policy under these controlling standards. Plaintiffs' conclusory legal assertions in ¶¶ 36-38, 40(d), 41-42, and 45-46 are barren of any factual allegation that is entitled to assumption of the truth under *Iqbal*, 556 U.S. at 680-681. Instead, Plaintiffs' allegations patently reveal their

claims against the City are premised solely on an isolated alleged deprivation of Martinez, Jr's rights, not any pre-existing governmental policy that caused an alleged deprivation of Martinez, Jr.'s rights. Generally, a pattern of similar incidents in which citizens are injured is necessary to demonstrate a municipal policy under § 1983. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

### IV.   The isolated alleged deprivation Plaintiffs claim is not based on any identified unconstitutional City policy.

14.    Plaintiffs' claim against the City follows the far too common effort to impose *respondeat superior* liability – forbidden under § 1983 – under the threadbare guise of "policy" incantations lacking any of the numerous requisite *facts.* To show a claim against the City, Plaintiffs must allege facts which identify a specific unconstitutional governmental policy for which the City's policymaker may be held liable *and* which was the "moving force" driving individual conduct such that the identified policy actually caused unconstitutional treatment. *Piotrowski*, 237 F.3d at 578-581.

15.    Notably, *factual* allegations are imperative because a City policy cannot be inferred from allegations of an isolated constitutional deprivation. *See Webster v. City of Houston*, 735 F.2d 838, 851 (5th Cir. 1984) (*en banc*). "Isolated violations are not the **persistent, often repeated, constant violations**, that constitute custom and policy as required for municipal § 1983 liability." *Bennett*, 728 F.2d at 768 n. 3 (emphasis added). The Fifth Circuit has explained that it is "nearly impossible" for a plaintiff to establish a city's deliberate indifference on the basis of any single incident. *See Gabriel v. City of Plano*, 202 F.3d 741, 745 (5th Cir. 2002). Plaintiffs' have not alleged any fact that

warrants any exception to the general standard necessary to show municipal liability. *Compare, Jason v. Tanner*, 938 F.3d 191, 197-99 (5th Cir. 2019); *Pineda v. City of Houston*, 291 F.3d 325, 334-35 (5th Cir. 2002); and *Brown v. Bryan County*, 219 F.3d 450, 462-65 (5th Cir. 2000); with *Tolan v. Cotton*, 2015 U.S. Dist. LEXIS 121127 *12 (S.D. Tex. 2015).

**V.      Plaintiffs' factual allegations fail to identify a constitutionally deficient police training policy.**

16.      In complete disregard of well-settled Supreme Court and circuit authority, let alone Texas state mandated minimum training for peace officers that *has consistently been found to be at least constitutional adequate*, Plaintiffs here, like so many others, conclusorily assert lack of training, *based solely on one encounter* with the police. Yet, as the Supreme Court and the Fifth Circuit have made abundantly clear "[a] municipality's culpability for a deprivation is at its most tenuous where a claims turns on a failure to train." *Connick*, 563 U.S. at 61. "[T]he 'policy' [of failure to train] is far more nebulous, and a good deal further removed from the constitutional violation in *Monell*..." *Oklahoma City v. Tuttle*, 471 U.S. 808, 822, 105 S. Ct. 2427 (1985).

17.      "To prevail on a failure to train theory a plaintiff must demonstrate: (1) that the [government's] training procedures were inadequate, (2) that the [government] was deliberately indifferent in adopting its training policy and (3) that the inadequate training policy directly caused the violations in question." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (internal quotations omitted). Again, it is so well-settled as to beyond debate in this circuit that "a single violent incident ordinarily is insufficient to

hold a municipality liable for inadequate training." *Snyder*, 142 F.3d at 798. Rather, a "plaintiff must demonstrate 'at least a pattern of similar incidents in which the citizens were injured...to establish the official policy requisite to municipal liability under section 1983.'" *Id.* at 798-99 (quoting *Rodriguez v. Avita*, 871 F.2d 552, 554-55 (5th Cir. 1989)) (internal quotation and citation omitted).

18.     An adequate training program only must "enable officers to respond properly to the usual and recurring situations with which they must deal." *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992). Therefore, in evaluating the sufficiency of allegations to show such a claim, "the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Snyder*, 142 F.3d at 798. Regardless, to state a claim "based on an 'inadequate training' claim, a plaintiff **must allege with specificity** how a particular training program is deficient." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (emphasis added).[1]

19.     "In this inquiry, mere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more, support liability." *Id.*

> Neither will it suffice to prove than an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal. *And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.*

*Pineda*, 291 F.3d at 333.

---

[1]      Anything less would violate *Iqbal's* prohibition of conclusory pleadings and mere assertions of factually unsupported legal theories.

20.     The Court may properly take judicial notice of statutes in Chapter 1701 of the Texas Occupations Code which demonstrate that the State of Texas has delegated the Texas Commission on Law Enforcement (TCOLE) as the agency in Texas responsible for identifying and establishing peace officer training and licensing standards that are sufficient to prepare Texas peace officers to perform the duties entrusted to them. This legislative mandate specifically designates TCOLE as the State agency responsible for establishing a statewide comprehensive education and training program for peace officers to qualify to obtain a peace officer license. Chapters 1701 of the Texas Occupations Code mandates TCOLE training curriculum specifically include training regarding Fourth Amendment issues.

21.     Specifically, Tex. Occ. Code § 1701.251 provides that TCOLE "shall establish and maintain training programs for officers." Section 1701.253 further requires that TCOLE "shall establish a statewide comprehensive education and training program on civil rights…" and which "covers the laws of [the state of Texas] and of the United States pertaining to peace officers" for all licensed law enforcement officers in Texas. Section 1701.352(d) additionally requires that, within 24 months of appointment as a supervisor, all law enforcement officer supervisors receive training regarding supervising police officers. Sections 1701.307 and 1701.351 provide that, in order to obtain and maintain, a peace officer license, an officer must satisfactorily meet all TCOLE training and licensing standards.

22.     No federal court has held that TCOLE training standards fail to meet minimum constitutional requirements and several courts have held otherwise. *Compare, Zarnow*,

9

614 F.3d 171; *Martinez v. Maverick County*, 507 Fed. Appx. 446, 448-49 (5th Cir.), *cert. denied*, 2013 U.S. LEXIS 4806 (2013); *O'Neal v. City of San Antonio*, 344 Fed. Appx. 885, 888-89 (5th Cir. 2009); *Roberts*, 397 F.3d at 293; *Pineda*, 291 F.3d at 334; *Conner v. Travis County*, 209 F.3d 794, 798 (5th Cir. 2000); *Baker v. Putnal*, 75 F.3d 190, 199-200 (5th Cir. 1996); *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992).

23.     There is no plausible allegation the City's officers got "no training what-soever," as needed to state a claim; therefore, Plaintiffs' conclusory legal assertions regarding Martinez, Jr's. arrest alone does not show the City has a constitutionally deficient police training policy. *See Peña v. City of Rio Grande City*, 879 F3d 613, 624 (5th Cir. 2018).

**VI.     Plaintiffs' factual allegations fail to show the City has a constitutionally deficient police supervision policy.**

24.     To support the claim of a constitutionally deficient police supervision policy, Plaintiffs are required to allege facts which show that: (1) the City systematically failed to supervise its officers; (2) a causal connection existed between the alleged failure to supervise officers and deprivation of Martinez, Jr.'s rights; and (3) the failure to supervise officers occurred due to deliberate indifference of the City's policymaker. *Estate of Davis v. North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001); *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997). Similar to failure to train claims, an alleged failure to supervise claim stemming from a single occurrence like the Plaintiffs' claim here generally requires a showing the City provided no supervision at all. *See Estate of Davis*, 406 F.3d at 386.  Plaintiffs do not allege any fact which satisfies any element

necessary to state a claim for relief based upon the a constitutional deficiency in the City's police supervision policy.

**VII.  Plaintiffs' factual allegations fail to show that the City's policymaker is culpable for any claimed deprivation.**

25.     "Knowledge on the part of a policymaker that a constitutional violation will most likely result from a given official custom or policy is a *sine qua non* of municipal liability under section 1983." *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). In *Bryan County*, 520 U.S. at 400, the Supreme Court made clear the standard for the *rare* case in which a governmental entity may have liability under § 1983.

> [I]n enacting § 1983, Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the "moving force" behind the plaintiff's deprivation of federal rights.

(internal citations omitted) (emphasis in original).

26.     "A plaintiff seeking to establish [governmental] liability on the theory that a facially lawful [governmental] action has led an employee to violate a plaintiff's rights must demonstrate that the [governmental] action was taken with 'deliberate indifference' as to its known or obvious consequences." *Brown*, 520 U.S. at 407. "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Id*. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a [governmental policymaking] actor disregarded a known or obvious consequence of his action." *Brown*, 520 U.S. at 410, 117 S. Ct. at 1391. "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation marks and citations omitted).

**VIII.  Plaintiffs' factual allegations fail to show that a City policy was the moving force that caused a deprivation of Juan Martinez, Jr.'s rights.**

27.     Regardless of whether Plaintiffs have alleged facts which show any officer violated Martinez, Jr.'s rights and that an unconstitutional City policy existed, the City still cannot be held liable to Plaintiffs under § 1983 because the Plaintiffs' factual allegations fail to show that a City policy was the moving force that caused a deprivation of Martinez, Jr.'s rights. *See James v. Harris County*, 577 F.3d 612, 618-619 (5th Cir. 2009). "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. [A] Plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Brown*, 520 U.S. at 404, 117 S. Ct. at 1388. "In addition to culpability, there must be a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579.

> This connection must be more than a mere 'but for' coupling between cause and effect. To form the basis of liability under § 1983, a municipal policy must be affirmatively linked to the constitutional violation and be the moving force behind it.

*Fraire*, 957 F.2d at 1281.

28.     It is crucial that the requirements of governmental culpability and governmental causation "not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability." *Piotrowski*, 237 F.3d at 579 (quoting *Snyder*, 142 F.3d at 798).

29.     Plaintiffs also fail to state a claim for relief against the City because of this failure in Plaintiff's factual allegations. Plaintiffs only make conclusory assertions against the City. There is no factual allegation in Plaintiffs' complaint showing that a City policy was the moving force that caused a violation of Martinez, Jr.'s rights so the Court should grant the City's motion to dismiss.

CONCLUSION AND PRAYER

Plaintiffs' allegations fail to show any City policy was the moving force that caused any deprivation of Juan Martinez, Jr.'s federally protected rights Plaintiffs allege. The Court should dismiss Plaintiffs' claims asserted against the City.

Respectfully submitted,

/s/ *William S. Helfand*
WILLIAM S. HELFAND
Attorney-in-Charge
SBOT: 09388250
Southern District of Texas Bar No. 8791
NORMAN RAY GILES
SBOT: 24014084
Southern District of Texas Bar No. 26966

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas  77046
(713) 659-6767
(713) 759-6830 (Fax)
ATTORNEYS FOR DEFENDANTS,
City of Pasadena, Texas
Officer Zachary Mabes
Officer Jesus Paz
Officer Joseph Lockmondy
Officer Mark Hardin

13

Detective Donna Wright
Officer Paul Bennett
Officer Timothy Dever

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to

the following counsel of record in accordance with the District's ECF service rules on this

8th day of June, 2020.

Christopher Gabel
Gabel Law PLLC
720 Rusk St.
Houston, Texas 77002-2713
chris@gabellawpllc.com
*Attorney for the Plaintiffs*

Larry Simmons
Carmen Jo Rejda-Ponce
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
ljsimmons@germer.com
crejdaponce@germer.com
*Attorneys for Defendants*
Pasadena Independent School District
Officer Lonnie Smith, II

/s/ *William S. Helfand*

14