IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBANY RIVERA, individually and as Heir to the Estate of Juan Martinez, Jr., Deceased; and JUAN JAVIER MARTINEZ, SR.<br>  *Plaintiffs,*<br><br>v.<br><br>CITY OF PASADENA; PASADENA INDEPENDENT SCHOOL DISTRICT; LONNIE SMITH, II; ZACHARY MABES, JESUS PAZ; JOSEPH LOCKMONDY; MARK HARDIN; DONNA WRIGHT; PAUL BENNETT; FEDERICO CRUZ and TIMOTHY DEVER<br>  *Defendants* | § § § § § § § § § § § § § § § § | C.A. No. 4:20-cv-01881<br>Jury |

DEFENDANT CRUZ'S, DEFENSES, ANSWER, AND JURY DEMAND

Defendant Officer Federico Cruz Jr. serves and files his defenses, answer, and request for jury trial in response to Plaintiffs' first amended original complaint [Doc. 25].

FIRST DEFENSE

1. Plaintiffs fail to state a plausible claim for relief.

SECOND DEFENSE

2. Officer Cruz is protected from suit and liability by qualified immunity.

THIRD DEFENSE

3. Juan Javier Martinez, Jr.'s conduct was the sole cause of the occurrence which forms the basis of this lawsuit, Plaintiffs' alleged harm, and Plaintiffs' claimed damage.

FOURTH DEFENSE

4. Plaintiffs failed to use reasonable diligence to mitigate damages Plaintiffs claim.

4818-0544-5071.1

## FIFTH DEFENSE

5. No Plaintiff has shown standing, capacity, or authority to assert a claim in representative and/or individual capacity.

## ANSWER

6. Subject to the foregoing, Defendant Cruz answers Plaintiffs' claims and allegations consistent with FED. R. CIV. P. 8(b), under which Defendant denies every claim, and Defendant denies each allegation in Plaintiffs' complaint except those Defendant expressly admits herein.

7. Defendant denies the allegations in ¶¶ 1-3, 5, 15, 31-34, and ¶¶ 45-91 of the Plaintiffs' complaint.

8. The City of Pasadena, Texas, is a governmental unit located in Harris County, Texas. Defendant denies the other allegations in ¶ 4 of Plaintiffs' complaint.

9. Officer Lonnie Smith, II is an individual employed by the Pasadena Independent School District Police Department. Defendant denies the other allegations in ¶ 6 of Plaintiffs' complaint.

10. Officers Mabes, Paz, Lockmondy, Hardin, Bennett, Cruz, Dever, and Detective Wright have denied the claims against them and asserted defenses. They performed police duties within the general scope of their police office or employment by the City of Pasadena, Texas, under color of law of the State of Texas, in objective good faith and within the proper scope of discretionary authority afforded Texas municipal police officers. Defendant denies the other allegations in ¶¶ 7-12 and ¶ 14 of Plaintiffs' complaint.

11. Officer Federico Cruz performed his police duties within the general scope of his police office or employment by the City of Pasadena, Texas, under color of law of the State of Texas, in objective good faith and within the proper scope of discretionary authority afforded Texas municipal police officers. Defendant denies the other allegations in ¶ 13 of Plaintiffs' complaint.

12. Jurisdiction and venue are proper in this Court. Defendant denies the other allegations in ¶ 16 of Plaintiffs' complaint.

13. On April 27, 2018, at approximately 6:00 a.m. Juan Martinez, Jr. and Guido Capello were heavily intoxicated and creating a breach of the peace in Strawberry Park in Pasadena, Harris County, Texas. Defendant denies the other allegations in ¶ 17 of Plaintiffs' complaint.

14. When Pasadena police officer Paz arrived at Strawberry Park, he found Guido Capello shouting and involved in a verbal and physical altercation with Juan Martinez, Jr. Maria Capello identified Guido Capello as her brother and Maria Capello reported to Officer Paz that Guido Capello had taken drugs and needs to go to the hospital. Defendant denies the other allegations in ¶ 18 of Plaintiffs' complaint.

15. Officer Paz informed Guido Capello that for the purpose of officer safety, Officer Paz was about to detain and handcuff Guido Capello. Guido Capello did not resist Officer Paz placing handcuffs on Guido Capello's wrists. When Officer Paz was escorting Guido Capello toward a police vehicle, Juan Martinez, Jr. verbally and physically interfered with Officer Paz's efforts to peaceably maintain control of Guido Capello. Defendant denies the other allegations in ¶ 19 of Plaintiffs' complaint.

16. Juan Martinez, Jr.'s actions provoked Guido Capello to engage in disorderly actions. Officer Paz repeatedly directed Juan Martinez, Jr. to move away from Officer Paz as he escorted Guido Capello toward a police vehicle. Officers Mabes and Cruz arrived and assisted Officer Paz safely seat Guido Capello inside a police vehicle. Defendant denies the other allegations in ¶ 20 of Plaintiffs' complaint.

17. Officer Paz attempted to obtain additional information from Maria Capello while Officers Mabes and Cruz stood near the vehicle Guido Capello was safely seated in. When Juan Martinez,

Jr. repeatedly approached the police vehicle in which Guido Capello was seated, Officers Mabes and Cruz directed Juan Martinez, Jr. away from Guido Capello. Defendant denies the other allegations in ¶¶ 21 of Plaintiffs' complaint.

18. Because Juan Martinez, Jr. would not comply with verbal commands to stay away from Guido Capello, Officer Mabes attempted to escort Juan Martinez, Jr. away. After Juan Martinez, Jr. assaulted Officer Mabes, Officer Cruz and Officer Mabes told Juan Martinez, Jr. to turn around and place his hands behind his back. Juan Martinez, Jr. refused to do so and, instead, again approached Guido Capello. Officer Cruz and Officer Mabes attempted to stop Juan Martinez, Jr.'s disruptive actions but the officers could not do so. Therefore, Officers Cruz and Mabes pushed Juan Martinez, Jr. down to the ground in an effort to control him enough to place handcuffs on his wrists. Officer Paz observed Juan Martinez, Jr.'s actions so Officer Paz attempted to assist Officer Cruz and Mabes place handcuffs on Juan Martinez, Jr.'s wrists. Juan Martinez, Jr. violently resisted arrest and the officers were not able to gain control of Juan Martinez, Jr. or place handcuffs on his wrists. Officers repeatedly issued verbal commands to Juan Martinez, Jr. to put his hands behind his back but Juan Martinez, Jr. continued to violently fight officers. Defendant denies the other allegations in ¶¶ 22-25 and ¶ 42 of Plaintiffs' complaint.

19. Because the officers could not gain control of Juan Martinez, Jr. due to his physical resistance to arrest and refusal to comply with police commands, after warning Juan Martinez, Jr. several times, Officer Cruz deployed his Taser in attempts to establish control of Juan Martinez, Jr. but the Taser was ineffective. Defendant denies the other allegations in ¶¶ 26-27, and ¶ 40 of Plaintiffs' complaint.

20. Officer Paz deployed pepper spray but it was ineffective in stopping Juan Martinez, Jr.'s violent resistance to having handcuffs applied to his wrists. Defendant denies the other allegations in ¶ 28 and ¶ 41 of Plaintiffs' complaint.

21. Juan Martinez, Jr. ran through the park until Officers Bennett and Smith tackled Juan Martinez, Jr. And even then, Juan Martinez, Jr. fought Officers Bennett, Smith, and Dever. Officers were ultimately able to place handcuffs on Juan Martinez, Jr.'s wrists. Defendant denies the other allegations in ¶¶ 29-30, 38, 39, 43 and ¶ 44 of Plaintiffs' complaint.

22. Soon after officers applied handcuffs to Juan Martinez, Jr.'s wrists, officers summoned Emergency Medical Services to evaluate Juan Martinez, Jr. and Guido Capello. Defendant denies the other allegations in ¶ 35 of Plaintiffs' complaint.

23. Emergency Medical Services transported Juan Martinez, Jr. to Bayshore Hospital. Defendant denies the other allegations in ¶ 36 of Plaintiffs' complaint.

24. Hospital medical records and autopsy records well-document the prominent role drug intoxication played in Juan Martinez, Jr.'s death. Defendant denies the other allegations in ¶ 37 of Plaintiffs' complaint.

## REQUEST FOR JURY TRIAL

25. Officer Federico Cruz Jr. asserts the right to trial by jury on all issues in accordance with FED. R. CIV. P. 38.

## PRAYER

26. Defendant Officer Federico Cruz prays he be released, discharged, and acquitted of all charges, allegations, and claims filed against him, that judgment be rendered in Defendant's favor, either prior to or at the conclusion of a trial, that Plaintiffs take nothing by reason of this suit, and that Defendant recover all costs of court and attorney's fees incurred in defending

against the Plaintiffs' claims, as well as other relief to which Defendant is justly entitled in law and equity.

                    Respectfully submitted,

                    /s/ *William S. Helfand*
                    William S. Helfand
                    Attorney-in-Charge
                    SBOT: 09388250
                    Southern District of Texas Bar No. 8791
                    Norman Ray Giles
                    SBOT: 24014084
                    Southern District of Texas Bar No. 26966

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas, 77046
(713) 659-6767
(713) 759-6830 (Fax)
ATTORNEYS FOR DEFENDANTS,
City of Pasadena, Texas
Officer Zachary Mabes
Officer Jesus Paz
Officer Joseph Lockmondy
Officer Mark Hardin
Detective Donna Wright
Officer Paul Bennett
Officer Federico Cruz Jr.
Officer Timothy Dever

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 30th day of October, 2020.

Christopher Gabel
Gabel Law PLLC
720 Rusk St.
Houston, Texas 77002-2713
chris@gabellawpllc.com
*Attorney for the Plaintiffs*

4818-0544-5071.1                     6

Larry Simmons
Carmen Jo Rejda-Ponce
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
ljsimmons@germer.com
crejdaponce@germer.com
*Attorneys for Defendants*
Pasadena Independent School District
Officer Lonnie Smith, II

                                              /s/ *William S. Helfand*